# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2011

No. 10-30398

Lyle W. Cayce
Clerk

DARLENE C. GORING,

Plaintiff-Appellant

v.

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
C.A. No. 08-634

Before DAVIS and BENAVIDES, Circuit Judges.[*]

PER CURIAM:[**]

Plaintiff-Appellant Darlene C. Goring, an African-American law professor
at the Paul M. Herbert Law Center at Louisiana State University, asserted
claims in the district court for race discrimination under Title VII and 42 U.S.C.
§ 1981 against Defendant-Appellee Board of Supervisors of Louisiana State
University Agricultural and Mechanical College ("LSU") based primarily on

---

[*] This matter is being decided by a quorum. *See* 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30398

LSU's failure to grant her a promotion to full professor in 2007. The district court dismissed all of her claims on summary judgment. Goring raises several issues on appeal.

We begin our review of these issues by noting the district court's observations about "the lack of clarity and organization that pervades Goring's submissions" and that Goring's "scattershot approach of aggregating facts, then summarily attaching causes of action hampers the Court's ability to identify the specific claims at issue and efficiently address" them. These same problems affect Goring's briefs on appeal. Thus, we will not repeat or attempt to organize all of the miscellaneous facts underlying Goring's arguments on appeal, which the district court adequately summarized in its ruling.

As in other cases, "[i]n employment discrimination cases, the Court reviews summary judgments de novo, applying the same standard as the district court." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(a) (2011).

Goring primarily argues that LSU violated Title VII by failing to promote her to full professor in 2007 on the basis of her race, but she has pointed to no summary judgment evidence casting doubt on the district court's conclusion that LSU's reason for declining to promote her at that time was not a pretext for racial discrimination.[1] Assuming that Goring can establish a prima facie claim for failure to promote, LSU has presented clear evidence that Goring failed to

---

[1] The familiar three-step, burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1981) applies to Goring's Title VII failure-to-promote claim: (1) an employee must raise a genuine issue of fact as to each element of the prima facie claim; (2) the employer must then articulate a legitimate nondiscriminatory reason for its employment practice; and (3) the employee must then raise a genuine issue of material fact as to whether the employer's proffered reason is a pretext for racial discrimination.

2

No. 10-30398

apply for full professorship until November 12, approximately two months after the applicable September 15 deadline. LSU has presented further evidence that Goring's untimely application left the faculty committee without the time necessary to sufficiently review an application for full professorship. Thus, the evidence convincingly shows that LSU's faculty committee had a legitimate, nondiscriminatory reason for declining to consider Goring's application at that time. Goring's argument is also belied by the fact that LSU granted her a promotion to full professor the following year, after she filed a timely application.[2] Goring fails to rebut this ample evidence of nondiscrimination with any direct or circumstantial evidence suggesting that the faculty committee's adherence to the deadline in this instance was pretextual. Goring attempts to show that the committee applied the deadline flexibly to the applications of other non-minority professors, but the record evidence indicates that these other instances involved merely *de minimis* variations from the deadline that are inapposite to Goring's extremely late application. We are left with Goring's subjective belief that the decision was discriminatory, which is insufficient to create an inference of pretext. *See Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999).

Goring next futilely argues that we should reverse the district court by applying the "continuing violation" theory articulated in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) to her failure-to-promote claim. She is wrong for two basic reasons. First, the district court correctly noted Title VII's 300-day prescription period[3] and, tallying this period from Goring's February

---

[2] The record indicates that Goring still holds the position of full professor at LSU.

[3] A different period of limitations may have applied to Goring's claims if she had raised them under 42 U.S.C. § 1983, which applies to state actors like LSU. However, she asserted her claims under 42 U.S.C. § 1981, which applies only to private actors. Thus, the limitations period for § 1981 is irrelevant and Goring's only valid claims are under Title VII.

2008 complaint, refused to consider any claim based on a discrete act of discrimination that may have occurred before April 2007. *Id.* at 113 (holding that "discrete discriminatory acts" such as failure to promote "are not actionable if time-barred, even when they are related to acts alleged in timely filed charges."). Second, even if the court were to consider all of the facts that occurred prior to April 2007 in evaluating Goring's claim that LSU discriminated against her in November 2007, Goring has failed to demonstrate that these facts would have any bearing on our conclusion that LSU's reason for declining to consider Goring's November 2007 application was not pretextual.[4]

We also reject Goring's argument that she has created a genuine question as to whether she suffered a retaliatory adverse employment action.[5] Goring's scattershot aggregation of facts regarding LSU's alleged acts of retaliation falls far short of the applicable standard for stating an adverse employment action established by the Supreme Court in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 57 (2006) (holding that for employment actions to be considered adverse in the retaliation context, they "must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."). For instance, Goring argues *inter alia* that LSU retaliated against her by undertaking a "post-tenure review" of her classroom teaching. LSU has countered, however, with unrebutted evidence that the law school chancellor initiated this review—which has not resulted in any alteration

---

[4] Although the continuing violation theory applies to Goring's hostile-work-environment claim, *see id.* at 114-115 (distinguishing hostile work environment claims, which are "different in kind from discrete acts" because "[t]heir very nature involves repeated conduct"), this claim is wholly unsupported by the summary judgment evidence regardless of the time frame considered, as the district court correctly held.

[5] To establish a prima facie claim for Title VII retaliation, Goring must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal link existed between the activity and the adverse employment action. *See Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005).

in the terms or conditions of Goring's employment—because of vehement complaints from a number of students about Goring's performance in one of her classes. Thus, this "post-tenure review" obviously falls short of the *Burlington Northern* standard, given that a reasonable employee would not expect to be insulated from review of her questionable job performance simply because she filed a prior complaint of discrimination. Moreover, these facts demonstrate that Goring cannot establish a causal connection between her February 2008 complaint of discrimination and LSU's review of her classroom performance. Goring has similarly failed to present evidence that retaliation for her protected activity was a motivating factor for any of LSU's other actions that Goring attempts to categorize as retaliatory.

Finally, Goring advances the meritless argument that the district court erred in dismissing her disparate pay claim. To state a prima facie claim for disparate pay, a plaintiff must show that she was a member of a protected class and was paid less than a non-member for substantially the same job responsibilities. *See Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008). This requires showing that her circumstances were "nearly identical" to those of a better-paid, non-protected employee. *Id.* The only evidence Goring has offered in support of her claim, however, is an allegation in her affidavit that she was paid less for directing a legal clinic than a non-minority professor was paid for directing a different legal clinic. LSU correctly asserts that this cursory affidavit testimony, even take as true, does not support the view that Goring's responsibilities were substantially the same or that her circumstances were nearly identical to her comparator's. Therefore, Goring's record evidence does not create genuine questions of fact regarding the required elements of her claim. FED. R. CIV. PROC. 56(c)(1)(B) (2011) (a party asserting that a fact cannot be genuinely disputed may support the assertion by citing to particular materials in the record or "showing that the materials cited do not establish the

No. 10-30398

absence or presence or a genuine dispute . . . ."); *Thomas v. Barton Lodge II, Ltd.,* 174 F.3d 636, 644 (5th Cir. 1999) ("When the moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial.") (internal citation omitted).

For all of these reasons and the reasons assigned by the district court in its thorough ruling of April 13, 2010, the judgment of the district court is AFFIRMED.